UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IHIF COMMERICAL LLC, | |
| Plaintiff, | CASE NO. C20-0247-RAJ-MAT |
| v. | ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT |
| CITY OF ISSAQUAH, | |
| Defendants. | |

INTRODUCTION

Plaintiff IHIF Commercial LLC filed a Motion for Leave to Amend the Complaint. (Dkt. 53.) Defendant City of Issaquah belatedly filed an opposition, without any explanation for the failure to comply with the filing deadline. (Dkt. 54.) Plaintiff, in reply, asks that the Court disregard the untimely opposition and grant the motion. (Dkt. 55.) Given its interest in considering both sides of the dispute, the Court will accept and consider defendant's opposition to the motion.[1]

---

[1] The Court advises that any future late filing in this matter may not be considered and reminds defendant to comply with the Court's Local Civil Rules in the event it seeks relief from a filing deadline.

ORDER RE: MOTION TO AMEND
PAGE - 1

However, having now considered the opposition, as well as the motion, materials filed in support, and the remainder of the record, the Court finds no basis for denying plaintiff's request to amend.

BACKGROUND AND DISCUSSION

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend serves the purpose of Rule 15 to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (internal quotation marks and quoted case omitted). The rule should, therefore, be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave to amend may, however, be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant or deny an opportunity to amend lies within the discretion of the Court. *Id.*

Plaintiff initiated this lawsuit in state court on December 5, 2019 and filed an Amended Complaint and Second Amended Complaint in that court not long after the original filing. (*See* Dkt. 1-1, 1-2 & 1-3.) With the inclusion of federal constitutional and statutory claims in the Second Amended Complaint, defendant removed the matter to this Court on February 18, 2020. (Dkt. 1.) Following removal, plaintiff moved for a partial remand to state court of its petition under Washington State's Land Use Petition Act (LUPA) and for partial summary judgment. (Dkts. 26, 28 & 33.) In a Report and Recommendation dated September 14, 2020, the undersigned recommended the Court grant the motion for partial remand, deny the motion for summary judgment with leave to refile, and stay the federal action pending resolution of the state court action on the LUPA petition. (Dkt. 50.) Plaintiff objected with a request to modify the stay to allow

continuing discovery on its damages claims while its LUPA petition proceeds in state court and defendant opposed that request. (Dkts. 51-52.) The Report and Recommendation is noted for consideration as of October 16, 2020 and remains pending.

Plaintiff now seeks leave to amend its complaint to add tort claims and to clarify its taking claims. Plaintiff explains its tort claims arise from an April 2018 di-vesting decision by defendant, that actions relevant to the claims occurred in late 2017, and that the request for judicial review has been delayed by the need to exhaust administrative remedies and removal to this Court. Further delay would result from adoption of the recommendation to stay this matter pending action on the LUPA petition in state court. Because the tort claims are subject to a three-year statute of limitations, *see* RCW 4.16.080, plaintiff seeks amendment in this matter in order to preserve its claims. Plaintiff attests it sought without success to obtain from defendant a stipulation for leave to amend or an agreement to toll the statute of limitations pending a decision on the LUPA petition. It notes the additional claims rest on the same general facts and circumstances as the damages claims under 42 U.S.C. § 1983, do not add any defendants, and that the Court has yet to set a trial date for the current action.

Defendant asserts prejudice in having to expend additional resources litigating, investigating, defending against, and engaging in discovery about new-found claims in a stayed action. However, as observed in its reply, plaintiff anticipates its new claims would also be subject to the stay recommended by the undersigned. Defendant also notes plaintiff's multiple pending actions, including ongoing LUPA appeals, administrative plat hearings, and superior court litigation of breach of contract claims, and contends the addition of new claims to this matter will be unnecessarily time consuming, expensive, harassing, and premature, and cause defendant harm and prejudice. Defendant does not, however, address the implications of the applicable statute of

limitations or the burdens and expense that would result from the filing of a new and separate lawsuit to pursue plaintiff's new claims in lieu of an amendment in this matter. Defendant also asserts a failure to provide any basis for the delay in seeking amendment, without acknowledging or addressing plaintiff's explanation with regard to the proceedings prior to and after removal to this Court or the still early phase of the current proceedings. In addition, any contentions the new and revised claims are duplicative, intended to harass, made in bad faith, and/or futile are no more than conclusory.

The Court, in sum, finds no basis for denying the motion and plaintiff entitled to leave to file the proposed Third Amended Complaint. Also, and as anticipated by plaintiff, the undersigned finds the additional claims brought by plaintiff subject to the same proposed stay in this matter contained in the pending Report and Recommendation.

## CONCLUSION

Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 53) is GRANTED. The Clerk is directed to lodge the Third Amended Complaint (Dkt. 53-1) on the docket, and to send a copy of this Order to the parties and to the Honorable Richard A. Jones. The Clerk is further directed to include notification on the docket that the recommendation to stay these proceedings pending a determination of plaintiff's LUPA petition in state court (*see* Dkt. 50) applies to the additional and revised claims included in the Third Amended Complaint.

DATED this 16th day of December, 2020.

Mary Alice Theiler
United States Magistrate Judge